### ROSENTHAL v. FORMAN.

(Supreme Court, Appellate Term. March 5, 1909.)

1. ATTORNEY AND CLIENT (§ 72*)—AUTHORITY OF ATTORNEY APPEARING IN CASE—EVIDENCE.

While, save as prescribed by statute, the authority of an attorney appearing is taken for granted, yet, the authority of the attorney appearing for defendant to do so being impeached by the acknowledged statement and affidavit of defendant, the attorney could not continue in the case on his mere assertion and an unauthenticated statement of defendant.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 103; Dec. Dig. § 72.*]

2. APPEAL AND ERROR (§ 1070*)—HARMLESS ERROR.

A finding, in an action in which there is judgment for recovery of property, of its value at more than authorized by the evidence, is harmless to defendant, if he, a janitor, without, so far as appears, any pretentions to rights of ownership or possession, does not oppose the return of the property.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1070.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jerome W. Rosenthal against Frederick Forman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Harold M. Phillips, for appellant.
Abr. A. Joseph, for respondent.

MacLEAN, J. Save in the case prescribed by statute, the court does not inquire whether or not an attorney at law, appearing, has been retained by the party, but, on his appearance, accords the presumptions that a paper or process signed by him is to be taken unquestionably as authority by the court and its officers, including the sheriff, that the party is bound by his word in open court, that he may override the party's wishes and instructions in matters of practice, that dealings as to the management of the action must be had solely with him, and that proceedings may be taken through him alone. If, however, the attorney's power be seriously challenged, the court has the right to require him to exhibit his authority. Ninety-Nine Plaintiffs v. Vanderbilt, 4 Duer, 632. Where his want of authority transpires, the

___

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court may arrest the prosecution he has instituted (Hudson River W. S. Ry. Co. v. Kay, 14 Abb. Prac. [N. S.] 191), and, conversely, disregard him and his contentions when he attempts to defend. To appear, therefore, for another's protection or for his own profit, a lawyer must make good the position he claims betimes and with proof. The authority herein assumed, having been impeached by the duly acknowledged statement and affidavit of the alleged client, the lawyer could not continue in the case upon his mere assertion and upon an unauthenticated statement of the person whom he would have for his client, and a direction of a verdict was proper.

Having in view the restrictions in the paper as to costs, the learned trial justice indorsed upon the papers:

"Jury directed by the court to find for the possession of the property named in the writ, the value of which is fixed at $200."

Possibly this sum might have been for less, as the value stated by the plaintiff's witness was $150 to $200; but no harm will come thereby to the party named as defendant, if he, a janitor, without, so far as appears by the record, any pretentions to rights of ownership or possession, does not oppose the return of the property.

Judgment affirmed, with costs. All concur.